798 F.2d 470
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bertha Mae McCORKLE, Plaintiff-Appellant,
v.
CITY OF SPRINGFIELD, Clark City, Ohio; David Sword;
William Parks; John Doe, Defendants-Appellees.
 No. 85-3761.
 United States Court of Appeals, Sixth Circuit.
 June 13, 1986.
 
 Before MARTIN and GUY, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the Court upon the motion of the appellant, Bertha Mae McCorkle, for a transcript at government expense. The appellant is appealing the judgment on jury verdict in favor of the appellees entered on August 13, 1985. An informal brief has been filed.
 
 
 2
 The appellant brought suit pursuant to 42 U.S.C. Sec. 1983 alleging that the appellees entered her property without permission, assaulted and beat the appellant, and falsely detained and arrested her in violation of the Fourth, Fifth, Ninth and Fourteenth Amendments. The appellant alleges that police officers struck her with a flashlight. The appellant was represented by counsel at trial. Judgment was entered against the appellant upon interrogatories delivered by the jury on August 13, 1985. The district court granted the appellant in forma pauperis status on appeal, but denied her request for a free transcript because her appeal did not present a substantial question and the judge found the existing record adequate for the appellant's appeal. The district judge stated that all disputed legal issues at trial were resolved in appellant's favor. The jury simply chose to ascribe greater weight to the appellees' version of the case.
 
 
 3
 The appellant alleges in her informal brief that the doctor who examined her in the emergency room lied about the extent of her injuries. The transcript of Dr. Boone's testimony merely recites what course of treatment Dr. Boone followed for the appellant. Dr. Boone first saw the appellant on August 6, 1983, at approximately 2:30 a.m. Dr. Boone stated that the appellant would not submit to medical attention at first. She had one straight laceration or cut on her forehead that was less than an inch in length. The doctor stated that there was not a large amount of tissue disruption such as would occur with a blunt or forceful blow. There was no evidence of bruising or swelling.
 
 
 4
 The police returned the appellant to the hospital at 5:29 a.m. because of continued bleeding from the wound. -The bandage Dr. Boone had previously applied was no longer in place. Dr. Boone examined the wound, controlled the bleeding, put 9 to 11 stitches in the wound, and rebandaged it. Dr. Boone further stated that in her opinion the appellant was intoxicated and that a sharp instrument, not a flashlight, most likely caused the injury.
 
 
 5
 The deposition of Dr. Kneisley is also part of the record. Dr. Kneisley first saw the appellant on August 8, 1985. Dr. Kneisley observed puffiness and discoloration of the face, ecchymosis in both eyes, and blunt abdominal trauma. The appellant was admitted to the Community Hospital for four days. She received a blood transfusion because of low hemoglobin. Dr. Kneisley was of the opinion that a flashlight could have caused the injuries he observed.
 
 
 6
 A motion for transcript is governed by 28 U.S.C. Sec. 753(f), which provides for the preparation of transcripts at government expense to "persons permitted to appeal in forma pauperis ... if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." The appellant has in forma pauperis status; however, the district judge has refused to certify that the appeal presents a substantial question. We hold that the district court's opinion is correct. The jurors simply credited the appellees' version of the case with more weight; therefore, the appellant's case does not present a substantial question.
 
 
 7
 The appellant is arguing that additional evidence should have been introduced at trial. The appellant was represented by counsel at trial. Any further evidence which the appellant found to be of merit should have been procured via discovery before trial. Furthermore, .the district judge found that all disputed legal issues were resolved in the appellant's favor.
 
 
 8
 It appears that the questions on which this case depends are so unsubstantial as not to require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, it is ORDERED that the final judgment of the district court be affirmed and the motion for transcript at government expense be denied.